IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD WASHINGTON | : | CIVIL ACTION |
| | : | NO. 11-01331 |
| v. | : | |
| | : | |
| CLIENT NETWORK SERVICES, | : | |
| INCORPORATED (CNSI) et al. | : | |

O'NEILL, J.                                                                                          July 24, 2013

# **MEMORANDUM**

Plaintiff Howard Washington, who is proceeding pro se, is a former employee of defendant Client Network Services Incorporated.[1] Washington resigned from CNSI on May 5, 2008. Dkt. No. 6 at ECF p. 6. He claims that he resigned from his position with CNSI after a series of events including the following. A fellow employee, Reggie Folks, made threatening gestures and statements to him. Dkt. No. 37 at ECF p. 35. CNSI investigated Folks's alleged conduct and terminated Folks. Id. at ECF p. 36. Following Folks's termination, Washington was outside of his office when he saw Folds looking at him and speaking on a mobile phone. Washington claims that thereafter he felt unsafe, in part because he saw strangers engaged in conversation on mobile phones in and around his office building. Dkt. No. 6 at ECF p. 6. He resigned "[d]ue to his concern about personal safety." Dkt. No. 6 at ECF p. 6.

Washington has asserted claims against CNSI pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 1981(a), the Rehabilitation Act, the Americans with Disabilities Act, the Equal Pay Act, the Pennsylvania Human Relations Act, and the Age Discrimination in Employment Act. CNSI has moved to dismiss Washington's second amended complaint (Dkt. No. 41) and

---

[1] During his tenure with CNSI, plaintiff was assigned to work at Amtrak's offices at 30th Street Station in Philadelphia, Pennsylvania. Dkt. No. 37 at ECF p. 1-2. The Court dismissed plaintiff's claims against defendant Amtrak on June 27, 2013. Dkt. No. 70.

plaintiff has responded to CNSI's motion to dismiss (Dkt. Nos. 58 and 62). For the reasons that follow, I will grant CNSI's motion to dismiss.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

Because Washington has filed his complaint pro se, I must apply the applicable law, regardless of whether he has mentioned it by name, and liberally construe his pleadings. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003); see also Dickerson v. Brooks, No. 06–289, 2007 WL 4689001, at *2 (W.D. Pa. Oct.31, 2007), citing Haines v. Kerner, 404 U.S. 519, 520–521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (noting that pro se pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers"). "Nevertheless, the court will not assume facts that cannot reasonably be inferred from a pro se complaint in order to sustain a deficient claim." Frazier v. DiGuglielmo, 640 F. Supp. 2d 593, 596 (E.D. Pa. 2008).

## DISCUSSION

### A.  Title VII, Rehabilitation Act, ADA, EDEA and PHRA Claims

"It is a basic tenet of administrative law that a plaintiff must exhaust all required

administrative remedies before bringing a claim for judicial relief." Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997), citing McKart v. United States, 395 U.S. 185, 193 (1969). Under Title VII Washington had 300 days from the date of the alleged discriminatory conduct to file his charge of discrimination with the EEOC. 42 U.S.C. § 2000e–5(e)(1). His Rehabilitation Act, ADA, PHRA and ADEA claims were likewise required to be exhausted by filing with the EEOC within 300 days of the conduct giving rise to the claims. See Wilson v. MVM, Inc., 475 F.3d 166, 173 (3d Cir. 2007), citing 29 C.F.R. § 1614.105 ("Before an aggrieved employee may bring [a Rehabilitation Act] claim in court against a federal employer, he must file a claim with the EEOC"); Churchill v. Star Enters., 183 F.3d 184, 190 (3d Cir. 1999) ("both the ADA and the PHRA require pursuit of administrative remedies before a plaintiff may file a complaint in court"); Ruehl v. Viacom, Inc., 500 F.3d 375, 382 (3d Cir. 2007) ("a judicial complaint under the ADEA will be dismissed for failure to exhaust administrative remedies if a supporting EEOC charge was not filed within 180 or 300 days (depending on state law) of notification to the employee of the adverse employment action").

Plaintiff contends that he timely filed a complaint by sending an affidavit addressed to the EEOC at "1801 L Street N.W., Suite 100, Washington D.C 20507." Dkt. No. 6 at ECF p. 5. The mailing of this affidavit, signed on August 6, 2008, did not, however, exhaust Washington's administrative remedies. First, an EEOC complaint must be filed with a representative of the EEOC or at an EEOC office identified in 29 C.F.R. § 1610.4. See 29 C.F.R. § 1601.8. The address to which Washington mailed the affidavit is not identified in 29 C.F.R. § 1610.4 and he does not allege that the EEOC acknowledged receipt of the affidavit.[2]

---

[2] Indeed, Washington's second amended complaint attaches a copy of an email communication he had with the EEOC in which he stated that "[a]s of Sepember 5, 2008, [he had] not received any communication from the Commission" about his affidavit and asking the

Second, even if the document in question had been filed with an appropriate representative of the EEOC or at a listed EEOC office, it was not sufficient to serve as an EEOC complaint. "[A] charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). "The important consideration in determining whether a plaintiff has exhausted his administrative remedy is whether he timely filed charges with the EEOC which reasonably afforded the EEOC the opportunity to investigate and attempt to conciliate the matter which is now the subject of suit." Trent v. Allegheny Airlines, inc., 431 F. Supp. 345, 350 (W.D. Pa. 1977).

In his affidavit, Washington alleged that:

> In a department run by a South African, my CNSI manager set the tone, by telling me stories about how he had "never even seen a Negro before joining the U.S. Navy" and about the horrors that happen to black men in the deep south, effectively casting me in the role of a coloured [sic] buffoon and making me feel the oppression of apartheid's implementation . . . . I believe that I may have, inter alia, been continuously and repeatedly denied and defrauded of my constitutional, statutory, civil and/or other protected rights, privileges, immunities sand entitlements, passed over for various open positions, training, denied equal pay, subjected to discrimination, hostile work environment, harassment, intimidation, retaliation including a possibly orchestrated threat of physical violence which led to my involuntary resignation, and otherwise unfairly treated because of my race, color, sex, religion, national origin, caste, age, veteran status, handicap[,] disability.

Dkt. No. 6 at ECF p. 5. He further claimed that he "believe[d] that the list of possibly discriminating personnel and respondent [sic] superior officials may include, Steve Strong, John Zachmann, Maya Chavez, Cherylle Nebel, William Bates, William Balleste, Enrique Castillo, Valerie Marcolongo, William Broughton, Lonny Stevenson, Willem Ebershohn, Conrad

---

EEOC to "[p]lease reply to provide [him] with the status of [his] complaint and/or any other relevant information." Dkt. No. 37 at ECF p. 21.

Ruppert, Michael Calderone, Et Al. [sic]." Id. Attached to the affidavit was an email Washington sent to Amtrak regarding his resignation. His only reference to discrimination in the email was his statement that he "believe[d] that there may be discriminatory factors, and that it may be unsafe for me to return to work at the Amtrak 30th Street facility." Dkt. No. 6 at ECF p. 6.

As CNSI argues, Washington's affidavit "does not describe generally the action or practices complained of," it "makes no mention of wrongdoing associated with gender, age[ or] the existence of an actual or perceived disability . . . ." Dkt. No. 41-1 at ECF p. 14. Further, "[t]he only actions described in the Affidavit that touch on race are . . . comments that are not even mentioned in" Washington's complaint or subsequently filed formal EEOC charge." Id. Washington's affidavit "does not meet the minimal standard under 29 CFR § 1601.12(b)" and it does not support his claim that he properly exhausted his administrative remedies for his Title VII, ADA, Rehabilitation Act, ADEA and PHRA claims. Valderrama v. Honeywell Tech. Solutions, Inc., 473 F. Supp. 2d 658, 663 (D. Md. 2007) (finding a plaintiff's responses to an EEOC intake questionnaire were insufficient to suffice as an EEOC charge where the questionnaire "fail[ed] to describe [allegedly discriminatory] comments, state who made them, or connect them to a discharge, a demotion, or harassment. She also fail[ed] to connect the comments to racial discrimination, national origin discrimination, age discrimination, or retaliation."), aff'd, 267 F. App'x 256 (4th Cir. 2008). Cf. Christaldi-Smith v. JDJ, Inc., 367 F. Supp. 2d 756, 758 and 761-62 (E.D. Pa. 2005) (finding the plaintiff's letter satisfied the "comport[ed] with the EEOC's minimal requirements" where it identified her employer and his alleged discriminatory acts, including the fact that she was fired "shortly after [she] informed him [she] was expecting").

Washington ultimately submitted a formal complaint to the EEOC on October 10, 2012, more than 900 days after he resigned from CNSI. Dkt. No. 41-10 at ECF p. 3. Because this complaint was untimely it did not exhaust Washington's remedies with respect to his claims under Title VII, the ADA, the Rehabilitation Act, the ADEA or the PHRA. I will therefore dismiss these claims with prejudice.[3]

## B. Equal Pay Act Claim

Claims under the Equal Pay Act are subject to a two year statute of limitations, extended to three years in the case of a willful violation by an employer. 29 U.S.C. § 255(a). Washington has not pled any facts to suggest that CNSI willfully violated the Equal Pay Act. His employment with CNSI concluded on May 5, 2008. Dkt. No. 37 at ECF p. 1. Washington filed an application to proceed with this action in forma pauperis on February 24, 2011, Dkt. No. 11. His request to proceed in forma pauperis was granted and his complaint was filed on March 1, 2011. Dkt. Nos. 2, 3. Because more than two years passed between the end of his employment with CNSI and the filing of his complaint, his Equal Pay Act claim is untimely and will be dismissed.

Further, even if Washington's Equal Pay Act claim were timely, it could not withstand CNSI's motion to dismiss, as he has not plead any facts from which it could rationally be inferred that the actions of which he complains were motivated by his gender. To set forth a claim under the Equal Pay Act, Washington must demonstrate that "employees of the opposite sex were paid differently for performing 'equal work' – work of substantially equal skill, effort and responsibility, under similar working conditions." Stanziale v. Jargowsky, 200 F.3d 101,

---

[3] Dismissal with prejudice is appropriate because any amended claims asserted by Washington would be time-barred and thus futile. See Ernandez v. Lynch, 447 F. App'x 293 (3d Cir. 2011), cert. denied, 132 S. Ct. 1753 (U.S. 2012).

107 (3d Cir. 2000), citing E.E.O.C. v. Del. Dept. of Health and Soc. Servs., 865 F.2d 1408, 1413-14 (3d Cir. 1989). In the absence of any facts contained in Washington's voluminous filings to suggest that CNSI paid women more than men for substantially similar work performed, I find that dismissal with prejudice is appropriate with respect to his Equal Pay Act claim. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (holding that a court may deny leave to amend a complaint with prejudice if the amendment would be inequitable or futile).

An appropriate Order follows.