IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD WASHINGTON | : | CIVIL ACTION |
| | : | NO. 11-01331 |
| v. | : | |
| | : | |
| CLIENT NETWORK SERVICES, | : | |
| INCORPORATED (CNSI) and | : | |
| NATIONAL RAILROAD PASSENGER | : | |
| CORPORATION (AMTRAK) | : | |

# ORDER

AND NOW, this 24th day of July 2013, upon consideration of defendant Client Network Services Incorporated's motion to dismiss plaintiff Howard Washington's second amended complaint (Dkt. No. 41) and plaintiff's responses thereto (Dkt. Nos. 58 and 62) and consistent with the accompanying memorandum of law, it is ORDERED that defendant CNSI's motion is GRANTED and plaintiff's complaint is DISMISSED.

It is FURTHER ORDERED that:

> 1. Upon consideration of plaintiff's Motions for Extension of Time Nunc Pro Tunc to Serve Summons and Complaint, Motion for Remand to EEOC and PHRC, Charge(s) of Discrimination and Retaliation, FOIA Request (Dkt. Nos. 67 and 68) and CSNI's opposition thereto (Dkt. No. 71), plaintiff's motions are DENIED.[1]

---

[1] Plaintiff asks that the Court remand this case to the EEOC and/or the PHRC. The Court cannot remand this matter to the EEOC because plaintiff's EEOC matter is closed. Further, the Court cannot remand his matter to the PHRC when plaintiff never had a timely-filed claim pending before the PHRC.

Further, to the extent that Washington seeks to obtain information under the Freedom of Information Act, which requires executive branch agencies to make "agency records" available to individuals seeking disclosure, his request should be addressed to the agency that has custody of the information he seeks. 5 U.S.C. § 552 (detailing FOIA process). The courts of the United States are expressly exempted from FOIA's definition of an "agency." 5 U.S.C. § 551(1)(B).

2. Upon consideration of plaintiff's Motions for Extension and or Enlargement of Times to File Motions for Reconsideration and/or Other Relief from Court's Orders (Dkt. Nos. 72 and 73) and CNSI's opposition thereto (Dkt. Nos. 74 and 75), it is ORDERED that plaintiff's motions are DENIED.[2]

3. Plaintiff's motions at Docket Numbers 43 and 44 are DENIED.[3]

4. Defendant CNSI's Motion to Strike (Dkt. No. 28) is DENIED as moot.

5. Defendant CNSI's motion to bar plaintiff from filing additional documents with the Court (Dkt. No. 76) is DENIED as moot.

                                                             *s/Thomas N. O'Neill, Jr.*
                                                       THOMAS N. O'NEILL, JR., J.

---

Finally, to the extent that Washington seeks an extension of time to serve a summons and complaint, his motion is denied as it is moot.

[2] Plaintiff's motions do not explain why the Court should grant him the requested additional time to seek reconsideration of or relief from the Court's Orders.

[3] These motions are moot to the extent that they seek an extension of time to file a brief in opposition to defendant CNSI's motion to dismiss.

To the extent that they ask the Court to seal the entire record and/or to file under seal plaintiff's "confidential employment documents, plaintiff has not met his burden to demonstrate that the record should be sealed. "[A] party seeking to seal a portion of the judicial record bears the burden of demonstrating that disclosure will work a clearly defined and serious injury to the party seeking disclosure." Jankowski v. Extendicare Homes, Inc., 436 F. App'x 66, 67 (3d Cir. 2011) (citation and internal quotation omitted).

Finally, these motions are denied to the extent that they seek leave to file a "RICO worksheet in compliance with Third Circuit rules and protocol." Plaintiff's only reference to RICO claims that "Lonny Stevenson stated two times 'we are looking for a way to terminate Howard's employment without getting sued," and asserting Washington's "belie[f] that CNSI and Amtrak managers and employees may have used [his] coworkers as agents to accomplish this plainly stated goal. ( . . . [I]t may be necessary to determine whether these and other collateral activities which transpired in a supposedly 'free' northern state constitute terrorist oppression under color of law, and/or violations of the RICO and/or Hobbs Acts . . . .)." Dkt. No. 37 at ECF p. 42. Even construed liberally, his second amended complaint does not assert a plausible RICO violation.